UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES,

v.

DILBAR GUL DILBAR,

　　　　　　　　　　　　Defendant.

Case # 25-MR-6065-FPG

DECISION AND ORDER

## INTRODUCTION

On April 29, 2025, the government filed a Complaint against Defendant Dilbar Gul Dilbar, alleging that Defendant committed visa fraud in violation of 18 U.S.C. § 1546(a). *See* No. 25-MJ-04055-CDH, ECF No. 1. On May 9, and May 13, 2025, Magistrate Judge Colleen D. Holland held a two-day detention hearing. *See* No. 25-MJ-04055-CDH, ECF Nos. 7, 8. At the hearing, Judge Holland denied the government's motion for detention and ordered Defendant's release pursuant to several conditions. *See* No. 25-MJ-04055-CDH, ECF No. 8. However, Judge Holland granted the government's request to stay the order of release pending its filing of an appeal. *See* No. 25-MJ-04055-CDH, ECF No. 9. On May 14, 2025, the government appealed Judge Holland's release order, and this Court denied the government's motion to stay the release order. ECF Nos. 1, 3.

On May 29, 2025, this Court held a detention hearing. ECF No. 7. Prior to the hearing, the government submitted new evidence that Defendant presented a risk of flight. ECF No. 5. This evidence included Defendant's connection to a Foreign Terrorist Organization, a prior criminal arrest for impersonating an Afghan national police criminal investigator, a possible connection to a proposed planned terrorist attack, and some curious phone calls from the Monroe County Jail. *Id.* Based upon the new information, the Court concluded that no condition or combination of

conditions would reasonably assure the appearance of Defendant, and revoked Judge Holland's order of release. ECF No. 7. The Defendant was then ordered detained. *Id.*

Defendant now moves pursuant to Federal Rules of Appellate Procedure 8 and 9(b), for an order staying the Court's revocation of Judge Holland's order imposing conditions of release for Defendant and granting him release pending appeal. ECF No. 9. The government opposes the motion. ECF No. 11. For the reasons that follow, Defendant's motion (ECF No. 9) is DENIED.

## DISCUSSION

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quotation omitted). Instead, it is "an exercise of judicial discretion," and "the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* (quotation omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34. In deciding a motion to stay, the Court considers

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 434. In this case, the Court concludes that these considerations weigh in favor of the government.

As to the first consideration, Defendant has not made a strong showing that he is likely to succeed on the merits. For this factor, "[i]t is not enough that the chance of success on the merits be 'better than negligible.'" *Id.* (quotation omitted). More than a mere possibility of relief is required to satisfy this factor. *Id.* As the Court explained at the hearing, this was a close case prior to the new evidence submitted by the government. Ultimately, the Court concluded that the new

evidence proffered by the government, which Judge Holland was not provided—"including the defendant's association with organizations in Afghanistan, a prior criminal arrest, and some rather curious phone calls from the Monroe County jail to individuals [connected with Afghanistan] not related to his family"—demonstrated "sufficient proof by a preponderance of the evidence that the defendant does present a risk of flight." ECF No. 8 at 30. Based on this finding of fact, the Court concluded that pretrial detention was warranted and revoked Judge Holland's order of release. ECF No. 7. Defendant's arguments that the government's information is unreliable did not persuade the Court at the hearing and do not persuade the Court now. *See* ECF No. 9 at 2–4.

Defendant also argues that the Court used the wrong standard by stating that Defendant posed a "risk of flight" and that "there are no conditions, or *set of conditions*, that would *guarantee* the return of the defendant to court" at the hearing. ECF No. 9 at 3 (emphasis added). While the Court may have paraphrased the standard in its oral decision at the hearing, it did in fact use the standard found in 18 U.S.C. § 3142(e)(1) when reaching its decision in this case. To avoid any doubt, the Court clarifies that based on its finding of facts at hearing, it concludes that Defendant poses a "serious risk of flight" such that no condition or "combination of conditions" would "reasonably assure the appearance" of Defendant and that based on this determination, it revokes Judge Holland's order of release. As such, the Court concludes that the merits factor weighs in favor of the government.

As to the substantial injury and public interest factors, Defendant argues that he has been compliant with his release conditions during the two-week period of his release and that any appeal could be expedited. ECF No. 9 at 1. On the other hand, the government argues that the risk of Defendant's flight and his potential danger to the community will substantially injure the government, and thus, his release is not in the public interest. ECF No. 11 at 11–12, 16. The

government further argues that, now that Defendant knows of the government's proof "regarding his past and possibly ongoing criminal activity and connections," he is more likely to flee. *Id.* at 14. The Court agrees with the government and therefore, concludes that the substantial injury and public interest factors weigh in favor of the government.

As to the irreparable harm factor, Defendant argues that his continued detention will cause him to lose his employment and be unable to financially support his wife and five children. ECF No. 9 at 1. The Court took this into consideration when making its decision as to detention, and the Court recognizes that Defendant's continued detention may cause him harm. Nevertheless, as the Supreme Court has said "[a] stay is not a matter of right, even if irreparable injury might otherwise result." *Nken*, U.S. at 433. In this case, the Court has concluded that the other factors weigh in favor of the government and consequently, Defendant has not met his burden of demonstrating that a stay is warranted.

## CONCLUSION

For the foregoing reasons, Defendant's motion for an order staying the Court's revocation of Judge Holland's order imposing conditions of release for Defendant and granting him release pending appeal (ECF No. 9) is DENIED.

IT IS SO ORDERED.

Dated: June 3, 2025
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York